CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7224
    Facsimile:  (415) 436-6748
    jevechius.bernardoni@usdoj.gov

Attorneys for the United States of America and
Federal Bureau of Prisons

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-05333-LJC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12;** [PROPOSED] **ORDER** |

Pursuant to Civil Local Rule 3-12, the United States of America and the Federal Bureau of Prisons (collectively "Federal Defendants")[1] file this administrative motion asking the Court to consider whether six later-filed cases should be related to the above-captioned lawsuit.  Counsel for the plaintiffs in the seven cases have reviewed this administrative motion and agree "on coordinating administration so the cases are heard by the same judge."

The six-later filed cases are as follows:

---

[1] The United States Attorney's Office currently does not represent defendants Emily Dixon, "Ms. Thompson," and/or "Dr. Wiggins" in their individual capacity and is not making an appearance on behalf of those defendants in their individual capacity.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; [PROPOSED] ORDER
Case No. 3:25-cv-05333-LJC                    1

- *Baldridge v. United States of America, et al.*, No. 25-cv-05334-TSH (N.D. Cal.)
- *Johnson v. United States of America, et al.*, No. 25-cv-05336-KAW (N.D. Cal.)
- *Travis v. United States of America, et al.*, No. 25-cv-05337-DMR (N.D. Cal.)
- *Calvillo v. United States of America, et al.*, No. 25-cv-05338-PHK (N.D. Cal.)
- *Cisneros v. United States of America, et al.*, No. 25-cv-05339-AGT (N.D. Cal.)
- *Leyva v. United States of America, et al.*, No. 25-cv-05340-KAW (N.D. Cal.)

First, the cases concern "substantially the same parties," "transaction," and "event." *See* Civil L.R. 3-12(a)(1). The plaintiffs in these seven cases—each of whom is represented by the same counsel—sue the United States and the Federal Bureau of Prisons as well as three federal employee individuals in their individual and official capacity (namely, "Emily Dixon, PSY.D," "Ms. Thompson," and "Dr. Wiggins").[2]   Accordingly, the cases involve "substantially the same parties." Civil L.R. 3-12(a)(1). The cases also involve the same transactions and events because each lawsuit claims that the plaintiff therein was formerly a prisoner at Federal Correctional Institution, Dublin who was subsequently transferred to Federal Medical Center Carswell—in Fort Worth, Texas—where each plaintiff alleges that she was subjected to retaliation and harassment by the individual federal employee defendants. Indeed, the allegations in the seven complaints contain broadly similar, and often verbatim, language. And each of the seven complaints asserts the same four causes of action: (1) violation of the Eighth Amendment, (2) civil conspiracy, (3) negligence, and (4) violation of the Bane Act. As a result, the seven lawsuits involve the same series of transactions and events.

Second, "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Civil L.R. 3-12(a)(2). As discussed above, each of the seven lawsuits involves the same series of transactions and events and alleges the same four legal claims, and it would unnecessarily duplicate labor and expense and risk inconsistent outcomes if different judges adjudicated each of the seven lawsuits.

---

[2] The *Travis* lawsuit includes two additional individual defendants:  "DTS Hatfield" and "DTS Owens."  For the avoidance of doubt, the United States Attorney's Office currently does not represent defendants "DTS Hatfield" or "DTS Owens" in their individual capacity and is not making an appearance on behalf of those defendants in their individual capacity.

For the foregoing reasons, and pursuant to Civil L.R. 3-12, Federal Defendants respectfully request that the Court consider whether the six lawsuits listed above should be related to the above-captioned lawsuit.

Dated:  November 13, 2025

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for the United States of America and Federal Bureau of Prisons

**[PROPOSED] ORDER**

Having considered Federal Defendants' administrative motion to consider whether cases should be related pursuant to Civil Local Rule 3-12, all papers filed in support of or opposition to the motion, and the entire record herein, the Court hereby ORDERS, that the following cases are related:

- *Sanchez v. United States of America, et al.*, No. 25-cv-05333-LJC (N.D. Cal.)
- *Baldridge v. United States of America, et al.*, No. 25-cv-05334-TSH (N.D. Cal.)
- *Johnson v. United States of America, et al.*, No. 25-cv-05336-KAW (N.D. Cal.)
- *Travis v. United States of America, et al.*, No. 25-cv-05337-DMR (N.D. Cal.)
- *Calvillo v. United States of America, et al.*, No. 25-cv-05338-PHK (N.D. Cal.)
- *Cisneros v. United States of America, et al.*, No. 25-cv-05339-AGT (N.D. Cal.)
- *Leyva v. United States of America, et al.*, No. 25-cv-05340-KAW (N.D. Cal.)

Pursuant to Civil Local Rule 3-12(f)(3), the Clerk shall reassign the cases listed above to the undersigned judge for all future purposes.

IT IS SO ORDERED.

Dated: January 20, 2026

_____
THE HONORABLE LISA J. CISNEROS